UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

                    Plaintiff,

        v.                                        Case No. 21-cv-628-pp

KYLE TRITT,
ROBERT RYMARKIEWICZ,
and JOSEPH FALKE,

                    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE

        Timothy Durley, an inmate at Waupun Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants ordered him to remain on a back of cell restriction without first providing him a hearing. This decision resolves the plaintiff's motions for leave to proceed without prepaying the filing fee (Dkt. No. 2) and for a preliminary injunction (Dkt. No. 5) and screens his complaint (Dkt. No. 1).

## I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

        The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to let a prisoner plaintiff proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

1

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On May 21, 2021, the court ordered the plaintiff to pay an initial partial filing fee of $4.51. Dkt. No. 6. The court received that fee on June 15, 2021. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.    The Plaintiff's Allegations

The plaintiff alleges that on both November 16, 2020 and January 21, 2021, he was in the restricted housing unit at Waupun. Dkt. No. 1 at 2. He says that from November 16, 2020 through January 14, 2021, he was placed on a back-of-cell restriction "due to threats to staff, & alleged assa[u]lt on staff." Id. He explains that under the restriction, the trap door of his cell cannot be opened for medication, meals, supplies or mail unless the plaintiff is at the back of his cell, on both of his knees, facing the wall, with both of his hands on the wall and his ankles crossed. Id. at 3. The plaintiff alleges that under the

Division of Adult Institutions policies 306.34 and 310.06, he was supposed to be on a back-of-cell restriction for only thirty days but the time could be extended "for good cause, like threats or ass[a]ult on staff." Id. The plaintiff says that he was supposed to have a hearing if the restriction was to be extended. Id.

During the two-month period of his restriction, the plaintiff alleges he progressed through the prison's "step level[s] from step 1 – to 2 to 3 to finally ACI which is administrative confinement." Id. at 2. He asks the court to note that his being on administrative confinement "is non punitive." Id. at 3. The plaintiff says that he wrote to security director Joseph Falke, former restricted housing captain Kyle Tritt and current restricted housing captain Robert Rymarkiewicz—the defendants in this lawsuit—concerning the back-of-cell restriction and how it was supposed to last only thirty days. Id. at 2-3. The defendants responded to his request and explained that he would "not be taken off of back of cell restriction but shall remain[] on it permanently." Id. at 3. The plaintiff wrote back, complaining that the defendants were violating his rights ("due process & cruel and unusual[] punishment & excessive force"). Id. The plaintiff says that the defendants responded that the restriction was permanent "to ensure the safe[t]y of staff." Id. He also filed inmate complaints about the extended restriction, but the inmate complaint examiner's office dismissed the complaint. Id. at 4; Dkt. No. 1-1 at 4-9.

The plaintiff asserts violations of his Eighth and Fourteenth Amendment rights and sues the defendants in their individual capacities. Dkt. No. 1 at 4.

He seeks compensatory and punitive damages and an injunction removing the back-of-cell restriction. Id. at 4-5.

C.    <u>Analysis</u>

The plaintiff claims that the defendants violated his right to due process when they permanently extended his back-of-cell restriction without first holding a hearing to determine whether good cause existed to extend the restriction. "The Due Process Clause of the Fourteenth Amendment applies only to deprivations of life, liberty, and property." <u>Isby v. Brown</u>, 856 F.3d 508, 524 (7th Cir. 2017). To determine whether extending the back-of-cell restriction without a hearing deprived the plaintiff of a protected interest, the court first must determine whether he *had* such an interest. <u>Id.</u> (citing <u>Hess v. Bd. of Trs. of S. Ill. Univ.</u>, 839 F.3d 668, 673 (7th Cir. 2016)).

A prison restriction does not give rise to a protected liberty interest unless it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995). Prison restrictions must constitute "a sufficiently large incremental reduction in freedom to be classified as a deprivation of liberty under the *Sandin* doctrine." <u>Paige v. Hudson</u>, 341 F.3d 642, 643 (7th Cir. 2003). The court must consider "'both the duration *and* the conditions of the segregation'" when determining whether he has alleged the deprivation of a protected interest. <u>Isby</u>, 856 F.3d at 524 (quoting <u>Marion v. Columbia Corr. Inst.</u>, 559 F.3d 693, 698 (7th Cir. 2009)). If the restriction does not implicate a

protected liberty interest, then the plaintiff has no right to due process of law. Id.; Paige, 341 F.3d at 643.

The court concludes that the back-of-cell restriction, even if permanent, does not impose on the plaintiff an atypical or significant hardship in relation to ordinary prison life. The plaintiff already was in administrative confinement and has not alleged that the administrative confinement violated his rights. The restriction does not affect him every hour of the day. He must briefly comply with the restriction only when he receives food, medication or items at his cell—presumably anywhere from three to six times a day. This "small, incremental deprivation[] of [his] physical freedom" does not constitute an "atypical and significant hardship" in relation to ordinary prison life. Thielman v. Leean, 282 F.3d 478, 484 (7th Cir. 2002); see Higgason v. Farley, 83 F.3d 807, 809 (7th Cir. 1996) (concluding that prison restrictions that forced inmates to stay in or near their cells, resulted in frequent placement on lockdown status and denied educational programs did not constitute an atypical or significant hardship).

Because the court concludes that the plaintiff has no protected liberty interest in being free from a back-of-cell restriction, it follows that he was not entitled to heightened process before the prison imposed or extended the restriction.

The plaintiff also challenges the back-of-cell restriction under the Eighth Amendment. The Eighth Amendment protects against "deprivations of essential food, medical care, or sanitation" and "other conditions intolerable for prison

confinement." Rhodes v. Chapman, 452 U.S. 337, 348 (1981)). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To satisfy the objective component, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." Id. The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent, that is, that he had a "sufficiently culpable state of mind." Id. A prison official shows deliberate indifference when he "realizes that a substantial risk of serious harm to a prisoner exists, but then disregards that risk." Perez, 792 F.3d at 776 (citing Farmer, 511 U.S. at 837).

The plaintiff has not satisfied either component of an Eighth Amendment claim. He alleges that he receives items through his cell door only if he is at the back of his cell, facing the wall, on his knees, with both of his hands on the wall and his ankles crossed. He does not allege that the prison has refused to provide him food or medication, just that he must comply with this restriction before he may receive those items. The plaintiff does not explain how having to comply with this restriction when he receives items at his cell poses "a substantial risk of serious harm" to his health or safety or deprives him of an essential need. See Riley v. Franke, No. 17-cv-891-JPS, 2017 WL 3887901, at *6 (E.D. Wis. Sept. 5, 2017) (citing Rhodes, 452 U.S. at 346, and Adams v. Kincheloe, 743 F. Supp. 1393, 1398 (E.D. Wash. 1990) (noting that although being forced to stand at the back of a cell while food is dropped through the cell door is not "pleasant or dignified," it does not rise to the level of an Eighth

Amendment violation)). Because the plaintiff has not satisfied the objective element of an Eighth Amendment claim, he necessarily cannot satisfy the subjective element—that the defendants realized that the plaintiff was at risk of substantial harm but disregarded that risk. The court will not allow the plaintiff to proceed on an Eighth Amendment claim.

The plaintiff also asserts that the defendants violated DAI policies by extending the restriction without providing him a hearing. But §1983 protects against only constitutional violations, not violations of prison regulations or practices. See Estate of Simpson v. Gorbett, 863 F.3d 740, 746 (7th Cir. 2017) (quoting Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir. 2003)). The plaintiff cannot state a constitutional claim based solely on alleged violations of prison regulations or policies.

Because the conditions the plaintiff describes did not deprive him of his rights under the Fourteenth or Eighth Amendment, the court concludes that he has not stated a claim for relief. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. See Boyd v. Bellin, 835 F. App'x 886, 889 (7th Cir. Feb. 10, 2021). The complaint thoroughly presents the plaintiff's allegations, and further elaboration would not change the court's conclusion that he has not stated a claim. The court finds that allowing the plaintiff to amend his complaint would be futile.

D.    Preliminary Injunction (Dkt. No. 5)

The plaintiff has filed a motion for a preliminary injunction removing the back-of-cell restriction. Dkt. No. 5 at 1. He reiterates the allegations of his complaint: that the restriction was supposed to be temporary unless the prison had good cause to extend it, but that he did not get a hearing to determine whether good cause exists. Id. He alleges that he has a bad back and bad knees, and the restriction exacerbates these conditions by forcing him to kneel at the back of his cell when he receives food or medication.[1] Id. The plaintiff also asks the court to waive the posting of security because he is indigent. Id. at 2; see Fed. R. Civ. P. 65(c).

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). A preliminary injunction is not appropriate to guard against the "mere possibility of irreparable injury." Orr v. Shicker, 953 F.3d 490, 501 (7th Cir. 2020) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008)). If the plaintiff can establish those three factors, the court must balance the harm to each party and to the public interest from granting or denying the injunction. See

---

[1] The plaintiff did not make these claims in his complaint.

Wood, 496 F.3d at 622; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013);

Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999).

Because the court is dismissing this case, the plaintiff's request for a preliminary injunction is moot. Even if the court were allowing this case to proceed, the plaintiff has not satisfied the criteria for a preliminary injunction. As discussed above, the complaint fails to state a claim for relief under either the Fourteenth or Eighth Amendment, which means that the plaintiff cannot show a reasonable likelihood of success on the merits of his case. He has not explained why this lawsuit is an inadequate remedy at law. In fact, part of the relief he seeks in the lawsuit is the removal of the back-of-cell restriction. Dkt. No. 1 at 5. Nor does he explain how being on the back-of-cell restriction will cause him irreparable harm. It may be an inconvenience to abide by that restriction every time the plaintiff receives food or medication. But an inconvenience does not constitute irreparable harm. The court will deny the motion for a preliminary injunction.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's motion for a preliminary injunction. Dkt. No. 5.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The clerk will enter judgment accordingly.

The court will document that the plaintiff has incurred his second "strike" under 28 U.S.C. §1915(g).[2]

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the $345.49 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

---

[2] The court imposed the first strike when it dismissed the plaintiff's previous case, Case No. 21-cv-281-pp (judgment entered Apr. 27, 2021).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2). The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 30th day of June, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**