UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

            Plaintiff,

v.                                         Case No. 21-cv-628-pp

KYLE TRITT,
ROBERT RYMARKIEWICZ,
and JOSEPH FALKE,

            Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND OR ALTER JUDGMENT (DKT. NO. 11), DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DKT. NO. 12) AND DENYING PLAINTIFF'S MOTION TO MODIFY HIS COMPLAINT (DKT. NO. 16)**

      On June 30, 2021, the court dismissed plaintiff Timothy Durley's *pro se* complaint filed under 42 U.S.C. §1983. Dkt. No. 8. The court found that the plaintiff had not stated claim that his back-of-cell restriction "impose[d] on the plaintiff an atypical or significant hardship in relation to ordinary prison life." Id. at 6. As a result, the court concluded that the plaintiff was not entitled to heightened due process (a hearing) before the prison imposed or extended that restriction. Id. The court also concluded that the plaintiff had not stated a claim that the restriction violated the Eighth Amendment because it did not deprive the plaintiff "of essential food, medical care, or sanitation" or constitute a condition "intolerable for prison confinement." Id. at 6–8 (quoting Rhodes v. Chapman, 452 U.S. 337, 348 (1981)). Because the plaintiff's complaint

thoroughly presented his allegations, which could not state a claim for relief, the court denied the plaintiff leave to amend his complaint. Id. at 8.

On July 21, 2021, the plaintiff filed what he labeled a "Notice of Appeal." Dkt. No. 10. That document reads, in pertinent part:

> [E]nclosed Please find Plaintiff motion for leave to file an Amended complaint, per Fed R. Civ. P 60.(1) an (2) and on the grounds of fed R. Civ. P 59.(2) [I] am asking this court to Grant this motion on, fed,R,Civ,P 60.(1) mistake and (2) newly discovered evidence an motion for fed,R,civ,P 59.(2) I would like to Add Additional testimony. Amend findings of fact and conclusion of law or make new ones and Direct the entry of a new judgement.

Id. The same day, the plaintiff filed a motion to amend or alter the judgment under Federal Rule of Civil Procedure 59(e). Dkt. No. 11. He also filed a proposed amended complaint, which he labeled "Plaintiff motion for leave to file an Amended complaint." Dkt. No. 12. One week later, the plaintiff filed a second motion to amend his complaint, which he labeled a "motion to modify his complaint." Dkt. No. 16.

The Clerk of Court understandably construed the notice of appeal as an appeal to the Court of Appeals for the Seventh Circuit of the court's judgment dismissing the complaint and forwarded the docket sheet and the court's decision to the Court of Appeals for docketing. Dkt. Nos. 13, 14. On July 23, 2021, the Court of Appeals docketed the appeal. Dkt. No. 15. On review of the plaintiff's filings, however, it appears that although the plaintiff labeled his document a "notice of appeal," he actually sought only to alter or amend his complaint or the judgment, not to appeal the judgment. His "notice of appeal" stated that he sought to amend his complaint or the judgment under Federal

Rules of Civil Procedure 59 and 60. Despite the title of his motion, the *body* of the motion did not state that the plaintiff wanted to *appeal* the judgment to the Court of Appeals.

Notwithstanding the plaintiff's intent in filing the "notice of appeal", the filing of a notice of appeal ordinarily "'is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" Winston v. Hepp, No. 18-cv-1938-PP, 2020 WL 4500600, at *2 (E.D. Wis. Aug. 5, 2020) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982), and citing United States v. Taylor, 796 F.3d 788, 791 (7th Cir. 2015)). But here, the same day he filed his notice of appeal, the plaintiff filed a motion to amend the judgment. When a party files a notice of appeal after the court enters judgment but before the court has acted on a timely post-judgment motion, the notice of appeal does not divest the court of jurisdiction to rule on the motion. Id. (citing Federal Rule of Appellate Procedure 4(a)(4)(B)(i)). The plaintiff brought his motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). Dkt. No. 11. That is one of the motions listed under Fed. R. App. P. 4(a)(4)(A)(iv) that suspends a notice of appeal. This court therefore retains jurisdiction to decide the plaintiff's motions despite the filing of the notice of appeal.

The plaintiff's "motion to amend or alter" is one page. Dkt. No. 11. He cites Fed. R. Civ. P. 59(e) as the basis for the motion and states that he "made a mistake to detail certain information in [his] complaint, an[d] new discovered

3
Case 2:21-cv-00628-PP   Filed 12/06/21   Page 3 of 7   Document 19

evidence which [he] left out." Id. The plaintiff does not say what the "new discovered evidence" is that he left out of his original complaint.

Under Rule 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1122 n.3 (7th Cir. 2001), and Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Newly *presented* evidence is not a proper ground for altering the judgment if that evidence was not newly *discovered*. See Bordelon, 233 F.3d at 529 (quoting Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)) (explaining that Rule 59(e) "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment").

The plaintiff has not given the court a reason to grant his Rule 59(e) motion. He has not asserted that the court committed a manifest error of law or fact in its decision. He merely states that he wants to amend his complaint because he failed to include "evidence which [he] left out." Dkt. No. 11. Rule 59(e) does not provide an avenue for the plaintiff to introduce evidence that he

4

could have alleged in his complaint but simply failed to include. See Bordelon, 233 F.3d at 529. The court will not set aside its judgment and reopen the case to allow the plaintiff to present new facts he could have, and should have, alleged in his original complaint.

The court could construe the plaintiff's motion as one for relief from judgment under Fed. R. Civ. P. 60(b), which the plaintiff cites in his "notice of appeal" but not in his motion to alter or amend. "[M]istake, inadvertence, surprise, or excusable neglect" are grounds for relief under Rule 60(b)(1). This section "allows a court to remedy its own mistakes." McDonald v. Gilyani, No. 19-cv-391-PP, 2020 WL 1169972, at *2 (E.D. Wis. Mar. 11, 2020) (citing Mendez v. Republic Bank, 725 F.3d 651, 660 (7th Cir. 2013)). But even if the court were to construe the motion as one under Rule 60(b)(1), the court would deny the motion. The plaintiff has not alleged that the *court* made a mistake in dismissing the complaint. He instead wants to correct *his* mistake of failing to include certain known information, which he admits he "left out" of his complaint. Dkt. No. 11. Rule 60(b)(1) allows a court to grant relief from a judgment for "mistake," and it applies to "mistakes" by parties as well as judicial officers. See Wesco Products Co. v. Alloy Automotive Co., 880 F.2d 981, 984-85 (7th Cir. 1989) (citations omitted). And Rule 60(b)(2) allows a court to correct a final order based on newly discovered evidence "that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . ." But the court is not required to grant a Rule 60(b) motion; the rule says that the court "may" relieve a party of a final order. The plaintiff has not explained

5

the nature of the evidence he left out of the complaint or explained how it would have affected the court's ruling. The court will not exercise its discretion to grant the motion.

The plaintiff also has filed two motions to amend the original complaint. Dkt. Nos. 12, 16. Ordinarily, "[a] party may amend its pleading once as a matter of course within" twenty-one days of service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). But the court has entered its judgment, so the plaintiff may amend "solely with 'leave of court' after a motion under Rule 59(e) or 60(b) . . . has been made and the judgment has been set aside or vacated." Vicom, Inc. v. Harbridge Merch. Servs., Inc., 20 F.3d 771, 784 (7th Cir. 1994) (quoting Twohy v. First Nat'l Bank, 758 F.2d 1185, 1196 (7th Cir. 1985)). Because the court is denying the plaintiff's motion to amend or alter the judgment, the court need not consider the plaintiff's motions for leave to amend his complaint. See Lizalek v. Cty. of Milwaukee, No. 12-cv-1005, 2013 WL 5431548, at *2 (E.D. Wis. Sept. 27, 2013) (citing Vicom, 20 F.3d at 784).

Even if the court were to consider the plaintiff's motions for leave to amend his complaint, the court would deny the motions because they fail to comply with the court's local rules. Under Civil Local Rule 15(b), "[a] motion to amend a pleading must state specifically what changes are sought by the proposed amendments." Neither proposed amended complaint is written on an amended complaint form, both are three pages shorter than the original complaint and both appear to abandon the plaintiff's due process claim. Yet

the plaintiff does not tell the court "specifically what changes" either proposed amended complaint makes from the original complaint. His first motion to amend the judgment tells the court he made a mistake and left out information. Dkt. No. 11. But he doesn't identify the missing information or explain whether the proposed amended complaint contains the missing information. His second motion says the proposed amended complaint "states a claim which [he] didn't include in [his] first complaint." Dkt. No. 16 at 1. But the plaintiff doesn't say what that new claim is. The plaintiff's failure to comply with the local rules is an alternative reason to deny his motions for leave to amend. See McCurry v. Kenco Logistics Servs., LLC, 942 F.3d 783, 787 n.2 (7th Cir. 2019) (district courts may strictly enforce local rules against *pro se* parties).

The court **DENIES** the plaintiff's motion to alter or amend the judgment. Dkt. No. 11.

The court **DENIES** the plaintiff's motion for leave to file an amended complaint. Dkt. No. 12.

The court **DENIES** the plaintiff's motion to modify his complaint. Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 6th day of December, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER
Chief United States District Judge**